IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00305-CR

 

Jose Alviter,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 34,688CR

 



MEMORANDUM  Opinion










 

Jose Alviter, Jr. was convicted of aggravated
assault on a public servant, a first degree felony.  Tex. Penal Code Ann. §§ 22.01(a)(2); 22.02(a)(2), (b)(2)(B)
(West Pamp. 2010).  He was sentenced to 50 years in prison.  Because the
evidence is sufficient to support the conviction, we affirm the trial court’s
judgment.

Officer Anthony Parrish of the
Waxahachie Police Department stopped a vehicle in which Alviter was the front
seat passenger.  Officer Chris Eadler, also with the Waxahachie Police
Department, arrived in a separate police unit to assist.  Although being
ordered to do so by both officers, Alviter would not put his hands in view. 
When he finally placed his hands on the dashboard, Parrish pulled the driver
out of the vehicle.  Eadler approached the passenger side of the car with his duty
weapon drawn.  As he did, he noticed Alviter put his hands down in between the
seat and the center console of the front seat.  Eadler saw Alviter raise a
revolver in between the bucket seats and point it at Parrish.  He saw Alviter’s
finger in the trigger guard.  Eadler yelled to Parrish that Alviter had a gun
and then ordered Alviter to drop the gun.  Alviter dropped the gun in the back
floorboard.  Parrish reacted to Eadler’s alert by drawing his weapon and
leaning over the driver, whom he was holding down on the trunk of the car, to
look into the back window.  He saw Alviter facing him.  Parrish testified that
at that point he was in fear of imminent bodily injury. 

Alviter was charged with aggravated
assault by threatening Parrish with imminent bodily injury and using a deadly
weapon.  See Tex. Penal Code Ann.
§§ 22.01(a)(2), 22.02(a)(2) (West Pamp. 2010).  In his sole issue, Alviter
contends the evidence is insufficient to prove that he threatened Officer
Parrish with a gun because Parrish was unaware of the threat.  The Jackson
v. Virginia standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.  Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); see
Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560
(1979).  Under the Jackson standard, "the relevant question is
whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt."   Jackson, 443
U.S. at 319 (emphasis in original).

Alviter argues that to decide his issue,
we must require the State to prove beyond a reasonable doubt that Alviter
intended to place Officer Parish in apprehension of imminent danger by pointing
a firearm at him.  In other words, Alviter wants us to require the State to
prove that Parrish actually perceived the threat.  The statute does not require
actual perception of the threat by the victim.  Tex. Penal Code Ann. § 22.01(a)(2) (West Pamp. 2010) (“A
person commits an offense if the person: (2) intentionally or knowingly
threatens another with imminent bodily injury….”).  Further, the question of
whether a victim of assault by threat must perceive the threat has been left
open by the Court of Criminal Appeals.  See Olivas v. State, 203
S.W.3d 341, 349 (Tex. Crim. App. 2006).  

Nevertheless, based on this record, we
need not make the determination requested.  Eadler saw Alviter raise a gun,
have his finger in the trigger guard, and point it at Parrish.  He yelled a
warning to Parrish who reacted by drawing his weapon and looking at Alviter. 
Parrish said that he was in fear of imminent bodily injury.  Even assuming, arguendo,
that the State must prove Parrish perceived the threat, we find the evidence is
sufficient to support the jury's verdict.

Alviter’s issue is overruled, and the
trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed April 6, 2011

Do
not publish 

[CRPM]